IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| TIMOTHY L. HALL, #1275128 | § |
| | § |
| V. | §   CIVIL ACTION NO. G-06-267 |
| | § |
| NATHANIEL QUARTERMAN, Director | § |
| Department of Criminal Justice, | § |
| Correctional Institutions Division | § |

**REPORT AND RECOMMENDATION**

Before the Court is the application of Timothy L. Hall for the issuance of a writ of habeas corpus. Hall challenges Disciplinary Case Nos. 20060069691 and 20060142049. In disciplinary case no. 20060069691, dated November 6, 2005, Hall was found guilty of fighting with and causing injury to another inmate. His punishment consisted of a loss of forty-five days recreation and commissary privileges, a reprimand, a temporary suspension of contact visitation, a reduction in time-earning class status from S-4 to L-1 and sixty days of lost good time. Having reviewed Hall's Petition and a complete copy of the disciplinary record provided by the Texas Attorney General's Office via a *Martinez* report, this Court makes the following recommendation to the District Judge.

State prisoners seeking federal court review of a conviction pursuant to 28 U.S.C. §2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir. 1994); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). In this case, Petitioner alleges that his rights to due process were violated in the above-stated disciplinary proceeding.

In the offense report, the charging officer, Nunez, asserts that he observed Petitioner strike inmate Hamer. Nunez followed inmate Hamer into the restroom, where he observed Petitioner

1

throw Hamer onto the toilet and to the ground. Inmate Hamer was taken to the infirmary and treated for injuries. Petitioner does not deny fighting inmate Hamer, but states that he did so in self-defense.

Petitioner exhausted the disciplinary appeal process. The response to Petitioner's appeals states that the disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence as shown by the charging officer's report and testimony. "Based on TDCJ policy, when a fight results in injury, charges should be filed against the offender who caused the injury and the offender who initiated the fight." The response also states that there were no apparent due process errors and the "punishment assessed...was within agency guidelines."

A temporary loss of privileges does not pose an atypical or significant hardship beyond the ordinary incidents of prison life. It merely constitutes a minimal and temporary change in conditions of confinement and does not, therefore, implicate the protections afforded by the Due Process Clause. *See Madison v. Parker,* 104 F.3d 765, 767-68 (5th Cir. 1997). A claim for a reduction in time-earning class status also fails to qualify for federal habeas relief as the subsequent possible loss of "the mere opportunity to earn good-time credits" does not constitute a constitutionally cognizable liberty interest sufficient to "trigger the protection of the Due Process Clause." *Luken v. Scott,* 71 F.3d 192, 193 (1995), *cert. denied*, 517 U.S. 1196 (1996). The possibility that the reduction in Petitioner's time-earning class status would affect his ultimate release date from prison "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472 (1995)). "These are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." *Madison*, 104 F.3d at 767-68. A loss of good-time days, however, which may be used to determine a

prisoner's eligibility for early release from prison, does constitute a potential challenge to the fact and duration of confinement and is properly considered a habeas corpus attack. *See* TEX.CODE. CRIM.P.ANN.art. 42.18 §8 (Vernon 1996); *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept*. 37 F.3d 166, 168 (5th Cir. 1994). In this disciplinary case, however, a review of Petitioner's disciplinary records reveals that all due process requirements were completely met.

It is a well-settled principle of law that prison disciplinary proceedings do not form part of a criminal prosecution and, therefore, "the full panoply of rights due a defendant in such proceedings" does not apply. *Wolff v. McDonnell*, 418 U.S. 539, 564-65 (1974). In *Wolff,* the Supreme Court set out the minimum standards for due process in disciplinary cases which result in the loss of good-time credits. They include: (1) advanced written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and, (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *Id.,* at 563-567. When reviewing a prison disciplinary decision, "the standard to be applied is whether or not the actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." *Smith v. Rabalais*, 659 F.2d 539, 543 (5th Cir. 1981), *cert. denied*, 455 U.S. 992 (1982)(citing *Thomas v. Estelle*, 603 F.2d 488, 490 (5th Cir. 1979)). "The findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995). "[T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board to revoke good time credits." *Superintendent v. Hill,* 472 U.S. 445, 455 (1985). As noted by the Supreme Court, ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of

witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. In other words, if there are "some facts" or is "any evidence at all" that support(s) the action taken by prison officials, the decision must be upheld on federal habeas review. *See Banuelos*, 41 F.3d at 234; *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). As noted by the Fifth Circuit in *Reeves v. Pettcox*, 19 F.3d 1060, 1062, n.1 (1994), the court may act only where arbitrary or capricious action is shown. This means that prison disciplinary proceedings will be overturned only where there is *no evidence, whatsoever*, to support the decision of the prison officials. A *de novo* factual review is not required. *Smith,* 659 F.2d at 545; *Stewart v. Thigpen*, 730 F.2d 1002, 1005-06 (5th Cir. 1984).

Contrary to Petitioner's assertion in case no. 20060069691 that his rights to due process were violated, Petitioner's own statement that he fought with and injured inmate Hamer, and the charging officer's report and testimony, show otherwise. In addition, per *Wolff*, Petitioner received more than twenty-four hours notice of his hearing, was provided with an opportunity to call witnesses and present non-frivolous evidence, and was provided with a written statement of the evidence relied upon and the reason for the disciplinary action.

The disciplinary hearing officer based his finding of guilt on the charging officer's report and the injury report. Due process was satisfied in that the findings made in the disciplinary hearing were supported by more than "some evidence." *Hill*, 472 U.S. at 457. The Supreme Court has recognized that "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* In this instance, the conclusion of the disciplinary committee is supported by the evidence.

Official TDCJ-ID records are entitled to a presumption of regularity and must be accorded great evidentiary weight. *See Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974), *cert. denied*, 421 U.S. 918 (1975); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985); *Bonrillain v. Blackburn,* 780 F.2d 1248, 1250 (5th Cir. 1986). 28 U.S.C. §2254(d) mandates that the findings made by the state court system shall be "presumed to be correct," unless the habeas court concludes that the relevant state court determination is not "fairly supported by the record." *Sumner v. Mata*, 449 U.S. 539, 550 (1981). The findings may be found through an evidentiary hearing, or may be based on a "written finding, written opinion, or other reliable and adequate written indicia," *Buxton v. Lynaugh*, 879 F.2d 140 (5th Cir. 1989), *cert. denied,* 497 U.S. 1032 (1990), where, as in the instant case, the habeas applicant and the State or its agent are parties to the proceeding.

Presuming the factual correctness of the record, this Court is of the opinion that the disciplinary proceeding for case no. 20060069691 afforded Petitioner the due process to which he was entitled, consistent with the requirements of due process in the prison context. *See Wolf*, 418 U.S. at 563-66; *Banuelos*, 41 F.3d at 234. The finding of guilt is supported by more than some evidence in the record; thus, the Court must uphold the administrative decision.

In disciplinary case no. 20060142049, dated January 25, 2006, Petitioner was charged with tearing pages out of a law book at the Terrell unit law library. Punishment for this violation consisted of a loss of forty-five days recreation and commissary privileges, a reprimand, fifteen days of solitary confinement, a reduction in time-earning class status from L-1 to L-3, ninety days of lost good time and a fine for damages of twelve dollars. It appears, however, that this disciplinary case is not eligible for federal habeas review. Per the sworn affidavit of Mr. Russell B. Bailey, Deputy

Administrator of Offender Grievances for the Texas Department of Criminal Justice, Hall did not file either a Step One or Step Two appeal to disciplinary case no. 20060142049.

28 U.S.C. § 2254(b)(1)(A) specifically provides, *inter alia*, that an application for writ of habeas corpus on behalf of a person in custody shall not be granted unless the applicant has exhausted his state court remedies. Though Petitioner is not required to present his claims to the Texas Court of Criminal Appeals,[1] he is required to exhaust or complete the administrative appeal process in the Texas Department of Criminal Justice, Corrections Institutions Division.  This requirement follows the traditional doctrine of exhaustion that allows state courts to be previously apprised of the same facts and legal theories urged by a Petitioner in a federal application. *Brown v. Estelle*, 701 F.2d 494 (5th Cir. 1983).  In the context of prison administration, this requirement affords proper deference to prison officials' decisions and administration of the prison system.  *See Sandin v. Conner*, 515 U.S. 472 (1995). The TDCJ-ID grievance committee must be given an opportunity to consider the same factual grounds under the identical legal theories before Petitioner is permitted to bring his constitutional claims to this Court. In this case, TDCJ officials were not afforded the opportunity to fully review Petitioner's claims because he did not file Step One and Step Two appeals.  Having failed to exhaust administrative remedies, Petitioner is barred from bringing a claim seeking federal habeas relief in disciplinary case no. 20060142049.

For all the aforementioned reasons, it is the **RECOMMENDATION** of this Court that this case be **DISMISSED with prejudice**.

---

[1] The Texas Court of Criminal Appeals will not entertain challenges to prison disciplinary proceedings of the denial of good conduct time credit under the Prison Management Act. Ex parte Palomo, 759 S.W.2d 671, 674 (Tex.Crim.App. 1988); Ex parte Brager, 704 S.W.2d 46 (Tex.Crim.App. 1985).

The Clerk shall send a copy of this Report and Recommendation to the Petitioner, who shall have until **October 30, 2006,** in which to have written objections physically on file in the Office of the Clerk.  <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 7753 at  P.O. Drawer 2300</u>.  Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration.  Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____10th_____ day of October, 2006.

_____
John R. Froeschner
United States Magistrate Judge